UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>    v.<br><br>CAMERON JOHN WAGENIUS,<br><br>                      Defendant. | CASE NO. 2:24-cr-00232-LK<br><br>ORDER CONTINUING SENTENCING |

       This matter comes before the Court on the parties' Stipulated Motion to Continue Sentencing. Dkt. No. 42. They seek to continue Defendant Cameron John Wagenius' sentencing from September 10, 2025, Dkt. No. 40, to January 7, 2026, Dkt. No. 42 at 1.

       On March 5, 2025, Mr. Wagenius pleaded guilty to Unlawful Transfer of Confidential Phone Records Information (Online Forum) and Unlawful Transfer of Confidential Phone Records Information (Online Communications Platform). Dkt. No. 36 at 1; *see also* Dkt. No. 1 at 1–2 (Indictment). The Court accepted his plea of guilty. Dkt. No. 38. The parties seek to continue the sentencing to January 7, 2026 because Mr. Wagenius recently pleaded guilty to additional charges

in a related case. Dkt. No. 42 at 2. Specifically, he pleaded guilty to (1) Wire Fraud Conspiracy, in violation of Title 18, United States Code, Section 1349; (2) Extortion in Relation to Computer Fraud, in violation of Title 18, United States Code, Section 1030(a)(7)(B); and (3) Aggravated Identity Theft, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2. *Id.*; *see also United States v. Wagenius*, 2:25-cr-00142-LK at Dkt. Nos. 1, 6, 8. The parties filed a notice of related cases, Dkt. No. 41, and both cases are now before this Court, 2:25-cr-00142-LK at July 17, 2025 Docket Entry.

The parties now request that sentencing in both cases be continued to January 7, 2026, "so that they have sufficient time to prepare for sentencing." Dkt. No. 42 at 2. The parties aver that the requested continuance will ensure that they "have adequate time to gather and provide Probation and the Court with all relevant information about these related cases, thus promoting judicial economy and an orderly disposition of these matters." *Id.*

Although the Court generally "must impose sentence without unnecessary delay," it "may, for good cause," deviate from the time limits prescribed by the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 32(b); *accord United States v. Firestack-Harvey*, No. 13-CR-0024-TOR, 2015 WL 3533222, at *3 (E.D. Wash. June 4, 2015) (staying sentencing to allow parties adequate time to prepare). And this District's Local Criminal Rules expressly contemplate a sentencing continuance "based on the need for more time." LCrR 32(i)(1)(B). Here, the parties have demonstrated good cause for the continuance so that they have sufficient time to prepare for the consolidated sentencing hearing and to gather and provide Probation and the Court with all relevant information. The Court finds that the interests of the public and Mr. Wagenius in any speedier sentencing in this case are outweighed by the ends of justice.

//

//

ORDER CONTINUING SENTENCING - 2

Finding good cause, the Court GRANTS the motion to continue, Dkt. No. 42, and CONTINUES sentencing to January 7, 2026 at 10:00 a.m.

Dated this 31st day of July, 2025.

*Lauren King*

Lauren King
United States District Judge

ORDER CONTINUING SENTENCING - 3